UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SAMUEL FULLER,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE NGUYEN, et al.,<br><br>Defendants. | No. 2:17-cv-00600 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915 (ECF No. 2) and a motion to appoint counsel (ECF No. 5).

**I.     Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Motion to Appoint Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist.

1

Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

### III.     Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**IV.    Screening Order**

It is well established that a complaint must offer a set of facts that put a defendant(s) on notice of a legal wrong the plaintiff alleges plausibly that the defendant(s) committed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). After reviewing the instant complaint, the court is convinced that a defendant could not reasonably be expected to ascertain the nature of plaintiff's claims.

The complaint runs to approximately forty dense, hand-written pages and is difficult to read. Plaintiff has largely declined to break these pages into paragraphs or order his claims in discrete sections. The substance of plaintiff's allegations is also difficult to make out. He refers to numerous "Doe" defendants, some of whom are alleged to be registered nurses and others to be certified nursing assistants. ECF No. 1 at 8-9. He also includes several named defendants who are identified on the docket. Id. at 9-11. Plaintiff alleges that each of the defendants is "responsible in some manner for the injuries alleged in the complaint." Id. at 11. It is unclear what those injuries are, however. Plaintiff alleges in vague terms that he has been denied

3

necessary medical care and subjected to serious health risks. Id. at 12. He claims to have suffered "irreparable injuries" and "severe mental anguish", though he does not elaborate beyond placing the terms "stroke, heart attack, and death" in nearby parentheses. Id. at 12, 14. Plaintiff also claims, again without elaboration, that defendants have subjected him to "altered mental states," "altered levels of consciousness," and "dysphagia." Id. at 16. Plaintiff lists various medical conditions,[1] but does not specify how each of the defendants failed to treat these conditions or what specific injuries he has suffered. Id. at 15.

The complaint will therefore be dismissed with leave to amend.

**V.     Leave to Amend**

Plaintiff may choose to file an amended complaint which observes the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

---

[1] These conditions are: chronic angina, coronary artery disease, severe cardiac vasospasms, a history of heart attacks, hypertension, chronic chest pain, high risk for future heart attack, and chronic angina with risk for hypertension. ECF No. 1 at 15.

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

## VI.     Summary of the Order

Your application to proceed in forma pauperis is being granted. You will not have to pay the entire filing fee up front.

Your complaint is being dismissed because it is difficult to tell what your allegations are. A complaint should be short and well-organized. You do not have to cite cases or statutes in your complaint. The purpose of a complaint is simply to identify the defendants and explain how each has specifically violated your rights.

You are being given an opportunity to amend. Your new complaint, if you choose to file one, should set out your claims in a way that is clear and easy to read. An amended complaint must briefly state what each individual defendant did that injured you, and how.

## VII.    Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's motion to appoint counsel (ECF No. 5) is denied.
4. The complaint is dismissed with leave to amend within 30 days of service of this order.

////

////

////

5

5. Failure to comply with this order may result in dismissal of this action.

DATED: May 30, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE