UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SAMUEL FULLER,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE NGUYEN, et al.,<br><br>Defendants. | No. 2:17-cv-0600 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se in action pursuant to section 1983, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, plaintiff argues that he is "totally medically disabled" and therefore requires counsel to help him present his claims. ECF No. 15 at 2. He notes that he is blind in both eyes and, in his own terms, "mentally disabled." Id. at 1. The court is not unsympathetic to plaintiff's medical issues, but to this point he has proved capable of articulating his own claims. The court recognizes that plaintiff alleges that his ability to litigate is reliant, at least in part, on assistance from other inmates who are not obliged to help him. Id. at 4. At this juncture, however, the court concludes that appointment of counsel is unwarranted. To the extent plaintiff requires additional time to respond to filings due to his medical disabilities, he may submit reasonable requests for extension to the court.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 15) is denied.

DATED: July 10, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE