UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SAMUEL FULLER,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE NGUYEN, et al.,<br><br>Defendants. | No. 2:17-cv-0600 WBS AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Defendants' motion to dismiss, ECF No. 19, is fully briefed, ECF Nos. 21, 22. For the reasons explained below, the court will recommend that defendants' motion to dismiss be denied.

I. BACKGROUND

This action proceeds on the First Amended Complaint, which challenges plaintiff's medical and dental care at the California Health Care Facility. ECF No. 9. On screening, the court identified a "potentially cognizable" Eighth Amendment claim for deliberate indifference to medical needs, and ordered service on defendants Abu, Nguyen, Scamurra and Winthrop. ECF No. 10. These defendants now seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19.

II. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

The First Amended Complaint, which is supported by approximately 130 pages of exhibits, alleges in pertinent part as follows. Plaintiff suffers from a dislocated jaw and cross-bite that cause him to chronically bite the inside of his lip and tongue when he speaks or eats. ECF No. 9 at 6. Doctors Winthrop and Scamurra, who are both dentists, and defendant Abu, a physician's assistant, have been aware of plaintiff's condition but have failed to remedy it. Id. at 6-7. Accordingly, plaintiff suffers frequent oral infections. Id. at 10. Physician Assistant Abu and Dr. Nguyen, a surgeon, have been aware of these infections but have failed to give plaintiff adequate medication to fight the infection and the pain. Id. at 10. Instead, they prescribe Tylenol and Motrin, medications to which plaintiff is allergic. Id. at 10.

Plaintiff's jaw occlusion and the chronic biting of his tongue and lip had gone uncorrected by defendants for over three years prior to filing of the FAC, and this has caused plaintiff long-term pain and suffering. Id. at 6-10. Defendants' treatment of these ailments during the period in question has "amounted to nothing." Id. at 10. Because plaintiff's jaw was not treated after a July 2014 Physician's Request for Services form had been written up, his jaw has "set in [its] position and cannot be repaired," which means that plaintiff now faces a lifetime of pain. Id. at 14-15.

III. APPLICABLE LAW

A. Rule 12(b)(6): Failure to State a Claim

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the allegations to support relief. In order to survive dismissal, a complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

2

Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S at 678 (citing Twombly, 550 U.S. at 556).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976). It must also construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co.). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

B. Eighth Amendment Deliberate Indifference

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to

3

respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. The inference of knowledge from an obvious risk has been described by the Supreme Court as a rebuttable presumption, and thus prison officials bear the burden of proving ignorance of an obvious risk. . . . [D]efendants cannot escape liability by virtue of their having turned a blind eye to facts or inferences strongly suspected to be true." Coleman v. Wilson, 912 F. Supp. 1282, 1316 (E.D. Cal. 1995) (citing Farmer, 511 U.S. at 842-43) (internal quotation marks omitted).

C. Supervisory Liability

In a § 1983 case, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676. A supervisor may, however, be held individually liable if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). In such situations, to establish a cognizable claim of individual liability of a supervisor under Section 1983, a plaintiff must show that the supervisor (1)

4

personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Id.; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants, however, cannot be held liable for being generally deficient in their supervisory duties.

IV. DISCUSSION

A. Preliminary Considerations

The court notes at the outset that plaintiff's opposition to the motion to dismiss contains over 200 pages of exhibits. ECF No. 21 at 11-215. Many of the documents appear to duplicate those attached to the complaint. Although the exhibits to the complaint itself are considered to be part of the complaint, see Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007), the additional documents are outside the pleadings and may not be considered on a motion to dismiss. See Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Accordingly, the documents submitted as part of plaintiff's opposition will be disregarded.

A larger problem is that both parties focus their arguments on the state of the evidentiary record, with reference both to the voluminous exhibits to the complaint and to the exhibits in opposition.[1] This is not a motion for summary judgment. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint; it does not involve any fact-finding by the court. Because the exhibits to the complaint are considered part of the complaint, they must be construed at this stage in the light most favorable to plaintiff. See Barker v. Riverside County Office of Ed., 584 F.3d 821, 824 (9th Cir. 2009) (all inferences must be drawn in light most favorable to plaintiff).

Most of defendant's arguments for dismissal, though couched in terms of plaintiff's failure to state a claim, amount to arguments that the exhibits and other evidence do not support plaintiff's factual allegations or establish deliberate indifference. Under Rule 12(b)(6) the court must assume the truth of plaintiff's allegations; problems of proof are irrelevant. See Allison v.

---

[1] Defendants contends correctly that plaintiff's exhibits in opposition may not be considered on a motion to dismiss, yet defendants refer to those exhibits to support their various arguments that the record contradicts the allegations of the petition.

5

California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969).  It is of course true that a plaintiff may plead himself out of court by attaching exhibits that directly contradict essential allegations.  See Weisbuch v. County of L.A., 119 F.3d 778, 783 n.1 (9th Cir. 1997).  However, this does not mean that a plaintiff's failure to corroborate his allegations, or to make an evidentiary proffer that would be sufficient at a later stage of the litigation, is fatal at the pleading stage.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (district court must not decide Rule 12(b)(6) motion on basis of defendants' factual challenges to complaint).

With these considerations in mind, the court turns to defendant's arguments.

B.  Claim Against Dr. Winthrop

Defendant Winthrop, a supervising dentist, seeks dismissal on the primary ground that plaintiff has pleaded no facts to support a viable supervisory liability claim against her.

Plaintiff alleges that Dr. Winthrop was, at the relevant times, aware of the facts related to his serious medical needs.[2]  See generally ECF No. 9 at 6.  Although the specific allegations of the complaint are sparse, plaintiff's opposition to the motion identifies documents submitted with the complaint that show Dr. Winthrop's signature on a December 2013 Physician Request for Services Form, and further show that she met with plaintiff on six occasions between April 2015 and September 2016.  See ECF No. 21 at 3-6 (referencing documents filed with the complaint, including Supplemental Dental Progress notes).  Taking the allegations and exhibits to the complaint as a whole, and construing them liberally in plaintiff's favor, plaintiff has sufficiently alleged that Dr. Winthrop was aware of, and failed to take action to prevent, his ongoing suffering as the result of inadequate medical and dental care.  These allegations are sufficient to state a claim.  See Corales, 567 F.3d at 570.

Defendants argue that Dr. Winthrop's December 2013 meeting with plaintiff was an "indirect encounter," and that the record shows her actions in relation to plaintiff's care were limited to a "supervisory, reviewing capacity."  ECF No. 22 at 2.  This is an argument more appropriate for summary judgment.  At this stage, the court must draw all inferences from the

---

[2] Defendants do not contend that plaintiff has failed to allege a serious medical need.  The motion attacks plaintiff's pleading as to deliberate indifference and supervisory liability.

evidence in plaintiff's favor, and accept as true his allegations about Dr. Winthrop's knowledge and failure to take action within her scope of authority.

### C. Claim Against Dr. Scamurra

Plaintiff alleges generally that Dr. Scamurra was aware of plaintiff's jaw occlusion and related problems with his canine teeth and cross-bite, but failed to treat him promptly and adequately for the underlying conditions and for pain. ECF No. 9 at 6, 8-9. Moreover, Dr. Scamurra determined in October 2016 that plaintiff needed to have two teeth pulled. Plaintiff alleges that the procedure, which was performed by an outside surgeon under general anesthesia due to plaintiff's multiple medical conditions, was unduly delayed and that he was inadequately treated for pain in its aftermath. The court construes the complaint as alleging that Dr. Scamurra was responsible for plaintiff's unnecessary suffering in relation to the surgery. ECF No. 9 at 10-11.

Defendants argue that Dr. Scamurra provided adequate care, and that the delay of oral surgery was caused by the need for plaintiff to receive cardiac clearance and a DAR approval, and to have the procedure scheduled with an outside specialist. See ECF No. 19 at 11. They contend that plaintiff has alleged no more than a difference of opinion regarding treatment, which is insufficient as a matter of law to establish deliberate indifference. Id.

These are arguments more suited to summary judgment. At this stage, the court accepts as true plaintiff's allegations that Dr. Scamurra's actions prolonged unnecessary pain and suffering of which he was aware. These allegations are sufficient to state a claim. See Jett, 439 F.3d at 1096 (purposeful failure to respond to prisoner's pain establishes deliberate indifference).

### D. Claims Against Dr. Nguyen and P.A. Abu

Plaintiff alleges that Dr. Nguyen and Physician Assistant Abu (1) failed to treat him for infection, fever and jaw pain between February 28, 2017 and March 2, 2017; (2) failed to treat his infection and lip-biting conditions between January 2017 and June 2017; (3) consistently prescribed him medication to which he is allergic, and (4) failed to prescribe him medication for his pain. See ECF No. 9 at 6-15, passim.

Defendants argue that plaintiff's claims that Dr. Nguyen and P.A. Abu failed to treat him are contradicted by the record. Specifically, they contend that (1) records show that plaintiff was prescribed medication for both pain and infection; (2) nothing in plaintiff's medical pathology that related to his old jaw injury warranted a prescription of a strong opioid, and (3) ultimately, this claim amounts to a difference in opinion of treatment protocol. See ECF No. 19 at 5-6, 12. These arguments, like defendants' other arguments for dismissal, are more properly asserted at the summary judgment stage. A deliberate indifference claim need not allege a total absence of medical care; deliberate indifference may appear where care is delayed, or be shown by the way in which prison doctors provide care. Jett, 439 F.3d at 1096. Accordingly, the court finds no fatal contradiction between the allegations of the complaint and its exhibits. To the extent that defendants contend plaintiff is not allergic to Tylenol and Motrin, or otherwise challenge the factual content of the complaint, this is not a proper basis for dismissal under rule 12(b)(6). See Lee v. City of Los Angeles, 250 F.3d at 688 (factual challenges to complaint have no bearing on legal sufficiency of allegations under Rule 12(b)(6)).

The court accepts as true, as it must at this stage, plaintiff's allegations that defendants were aware of his suffering and knowingly failed to alleviate it, and that they prescribed medication to which they knew he was allergic. These allegations are sufficient to state a claim, as the court found on screening the complaint.

E. Other Issues

Defendants also move for dismissal on grounds of qualified immunity, and seek dismissal of plaintiff's request for punitive damages. In light of the conclusion that plaintiff has stated viable claims for relief, the undersigned declines to reach these issues. Plaintiff's entitlement to punitive damages and defendants' entitlement to qualified immunity both turn on facts which remain to be developed. Defendants are free to raise these issues in any future motion for summary judgment.

V. CONCLUSION

For the reasons stated above IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, ECF No. 19, be DENIED.

8

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE