UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SAMUEL FULLER,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE NGUYEN, et al.,<br><br>Defendants. | No. 2:17-cv-0600 WBS AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 28. This is plaintiff's third request. See ECF Nos. 5, 15, 28. In support of this motion, plaintiff states that he is blind, medically disabled and is housed in a place where he does not have access to inmate assistance. ECF No. 28 at 1-2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). To date, plaintiff has been able to adequately state his claims as a pro se litigant as demonstrated by the fact that a recommendation to deny defendants' motion to dismiss, which plaintiff effectively opposed, is currently pending. See ECF No. 27. Moreover, circumstances common to most prisoners, such as lack of legal education and limited law library access or assistance from fellow inmates, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 28) is denied.

DATED: April 8, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE