UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD SAMUEL FULLER,

Plaintiff,

v.

EUGENE NGUYEN, et al.,

Defendants.

No. 2:17-cv-0600 WBS AC P

ORDER

Plaintiff has requested the appointment of counsel. ECF No. 40. This is plaintiff's fourth motion of this kind. See ECF Nos. 5, 15, 28.

In support of the motion, plaintiff points out that he has "multiple medical conditions," that he is "legally blind" and "totally disabled," and that as a result of these conditions, he needs assistance from other inmates to litigate this case. See ECF No. 40 at 1. Plaintiff's indigence, his limited access to the prison law library, and an upcoming "pre-trial conference" are additional reasons why plaintiff believes the appointment of counsel is warranted. See id. at 1-2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (stating same and concluding district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Neither of these factors is dispositive and instead must be viewed together. Palmer, 560 F.3d at 970 (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)), but see Richards v. Harper, 864 F.2d 85, 87-88 (9th Cir. 1988) (finding no likelihood of success on merits and not addressing "ability to articulate claims pro se" prong in exceptional circumstances analysis prior to denying motion for counsel). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. See, e.g., Wood, 900 F.2d at 1335-36 (denying appointment of counsel where plaintiff complained he had limited access to law library and lacked legal education).

Neither plaintiff's indigence, nor his limited access to the prison law library warrant the appointment of counsel. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained he had limited access to law library and lacked legal education); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (upholding district court's denial of appointment of counsel to indigent litigant who had no background in practice of law, yet who had thoroughly presented issues in pleading). Furthermore, to date, plaintiff has adequately presented his claims to the court, despite the complexity of the issues involved and despite his stated disabilities. For these reasons, the court does not find the required exceptional circumstances. Consequently, plaintiff's fourth motion for the appointment of counsel will be denied.

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, filed October 21, 2019 (ECF No. 40), is DENIED.

DATED: October 24, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE