UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SAMUEL FULLER,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE NGUYEN, et al.,<br><br>Defendants. | No.  2:17-cv-0600 WBS AC P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is defendants' motion for summary judgment.  ECF No. 49.  For the reasons stated below, the undersigned will recommend that the motion be granted.

I.      BACKGROUND

Plaintiff was housed at California Health Care Facility ("CHCF") at the time of the events giving rise to the complaint.  He names the following defendants, all of whom were CHCF employees at the time in question: physician and surgeon Eugene Nguyen, physician's assistant O.J. Abu, dentist V. Winthrop, and dentist Michael Scamurra.  ECF No. 9 at 1-4.  Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights, when they failed to treat his jaw occlusion and the chronic biting of his

tongue and lip for well over three years, resulting in his long-term pain and suffering. See generally id. at 6-15; see also ECF No. 21 at 2-3.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Defendants' Motion

Defendants seek summary judgment on the primary ground that plaintiff failed to exhaust his administrative remedies before bringing suit. ECF No. 49-1 at 10-12. Defendants further contend that summary judgment is appropriate because the evidentiary record demonstrates that they provided plaintiff with prompt and appropriate dental and medical care. Id. at 12-16. Finally, defendants argue that they are entitled to qualified immunity. Specifically, plaintiff's right to a specific course of treatment was not clearly established, and defendants acted reasonably under the circumstances. Id. at 16-18.

### B. Plaintiff's Opposition and Supplement

Plaintiff's opposition to the motion consists of an extensive reiteration of the arguments made in his FAC, a handwritten summary of a number of his medical records, the opinion of a speech pathologist regarding the state of plaintiff's mouth in 2017, a recitation of case law and standards of review, and the like. See ECF No. 51 at 1-79. More than 200 pages of exhibits are also attached. Id. at 80-312. The opposition does not address defendants' threshold argument of administrative exhaustion, nor does it address the issue of qualified immunity. See generally ECF No. 51.

In a supplement filed three days after his opposition, plaintiff insists that he filed three health care appeals over a nine-month period in 2016 about his jaw and dental conditions, and that the records filed by defendants show this. ECF No. 52 at 1-2; ECF No. 49-4 at 178-80 (defendants' 602 grievance form exhibits referenced in plaintiff's supplement). He contends that despite having filed the grievances, the appeals office at CHCF failed to respond to, process or investigate them, in violation of its own regulations, policies and procedures and in violation of his rights. ECF No. 52 at 2. Plaintiff's supplement also reiterates arguments made in the opposition, denying defendants' claims that they properly and adequately treated his jaw and dental condition and claiming that each defendant knew of yet "purposely failed to respond to

[his] pain and serious medical needs" when relief for him "was readily available." Id. at 2-4.

### C. Defendant's Reply

In reply, defendants argue it is undisputed that plaintiff failed to exhaust his administrative remedies prior to filing this action. ECF No. 55 at 2-5. They further reiterate that plaintiff has failed to provide competent medical evidence to dispute that their treatment of his medical and dental conditions was proper on the occasions that they saw him. Id. at 5-6. Finally, defendants object to the medical records authored by speech pathologist Linda Churnside that are referenced by plaintiff on the grounds that they are hearsay and lack foundation. Id. at 7.

## III.  STANDARD OF REVIEW

In general, summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). To meet this burden, the opposing party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.

The Ninth Circuit has laid out the specific analytical approach to be taken by district courts in assessing the merits of a motion for summary judgment based on the alleged failure of a prisoner to exhaust his administrative remedies:

> [T]he defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy. . . . Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. However, . . . the ultimate burden of proof remains with the defendant.

Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation and internal quotations omitted).

IV. UNDISPUTED FACTS MATERIAL TO EXHAUSTION

For the purposes of summary judgment, the following material facts are either undisputed as actively stated by the parties, or they are undisputed as determined by the court.

- Plaintiff submitted only one 602 appeal that relates to this lawsuit and that reached the third level of review: appeal number CHCF HC 17008305 ("exhausted grievance").
- Plaintiff's operative pleading, the first amended complaint ("FAC"), was docketed in this court on June 12, 2017.
- Final administrative review of the exhausted grievance at the third level was completed on November 21, 2017.
- The FAC alleges that defendants Scamurra, Winthrop, Nguyen and Abu engaged in certain unconstitutional conduct.
- The exhausted grievance, dated June 29, 2017, complains of the same conduct described in the FAC.
- The exhausted grievance does not specifically name defendants Scamurra, Winthrop, Nguyen or Abu as the individuals who are preventing plaintiff's extractions or jaw repair.
- During plaintiff's deposition he admitted that in June 2017, when he initially filed grievance CHCF HC 17008305, he did not name any of the defendants "because the problem wasn't with the defendants. The problem was getting the teeth extracted and [his] jaw fixed."

V. DISCUSSION

"Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." Albino, 747 F.3d at 1170. In this case, for the reasons now explained, the court need not proceed past the exhaustion issue.

A. The Exhaustion Requirement

1. Prison Litigation Reform Act

Because plaintiff was a prisoner challenging the conditions of his confinement at the time

4

the action was filed, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[1]  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino, 747 F.3d at 1171 (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

However, exhaustion deficiencies may be cured through later filings, regardless of when the original action was filed. Jackson v. Fong, 870 F.3d 928, 934 (9th Cir. 2017); Saddozai v. Davis, 35 F.4th 705, 708 (9th Cir. 2022) (referencing Jackson). As a result, the PLRA exhaustion analysis is controlled by when a plaintiff files his operative complaint. Id.; Jackson, 870 F.3d at 935 (citations omitted) ("Exhaustion requirements apply based on when a plaintiff files the operative complaint in accordance with the Federal Rules of Civil Procedure.").

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). It is properly raised and decided on a motion for summary judgment. Albino, supra.

### 2. California Regulations Governing Exhaustion of Administrative Remedies[2]

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. California regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2011). The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee

---

[1] Although it appears that plaintiff is no longer incarcerated (see ECF No. 59) (notice of change of address), the exhaustion requirement applies because the action was filed while he was still in custody. See 42 U.S.C. § 1997e(a); see also Talamantes v. Leyva, 575 F.3d 1021, 1023-24 (9th Cir. 2009) (exhaustion requirement applies to "prisoners," meaning one who is incarcerated when action is filed); cf. Jackson v. Fong, 870 F.3d 928, 931 (9th Cir. 2017) (a plaintiff who is no longer incarcerated when the operative complaint is filed is not a "prisoner" for purposes of exhaustion).

[2] The California Regulations cited to in this section were applicable at the time plaintiff filed this action. Since then, however, Sections 3084.1 and 3084.2 have been repealed.

Appeal Form," "to describe the specific issue under appeal and the relief requested." Id., § 3084.2(a) (2016). "The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

### B. The Instant Complaint Was Filed Prematurely

"A prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). "He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed." See id.; see also Rhodes v. Robinson, 621 F.3d 1002, 1004-1005 (9th Cir. 2010). A prisoner does not comply with the exhaustion requirement by exhausting available remedies during the course of litigation. Akhtar v. Mesa, 698 F.3d 1201, 1210 (9th Cir. 2012) (citation omitted).

Plaintiff admits that the only health care appeal he filed at CHCF that concerned the issues in this action is appeal number CHCF HC 17008305.[3] ECF No. 49-4 at 170-172 (plaintiff's interrogatory responses), 218 (plaintiff's deposition statement). That appeal reached the third level of review. Id. at 189-90. It was not resolved, however, until after the operative complaint – plaintiff's first amended complaint ("FAC") – was filed.

The FAC was docketed on June 12, 2017. ECF No. 9 at 1. The director's-level report, which exhausted appeal number CHCF HC 17008305, is dated November 21, 2017. See ECF No. 49-4 at 189. It is thus clear that plaintiff filed his FAC prior to resolution of appeal CHCF HC 17008305 at the third level. Because plaintiff did not exhaust his administrative remedies prior to filing his operative complaint, court must dismiss his suit without prejudice. See Jones, 549 U.S. at 211-12 (reiterating mandatory exhaustion requirement and inability to bring unexhausted claims in federal court).

---

[3] At plaintiff's deposition, he testified that his identification of the grievance number's end as "8306" instead of "8305" in his responses to defendants' interrogatories (see ECF No. 49-4 at 170-71) was an error. See id. at 218.

6

C. <u>The Exhausted Grievance, CHCF HC 17008305, Fails to Name Defendants</u>

Timing is not the only flaw with plaintiff's attempt to administratively exhaust his claims. "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 824 (9th Cir. 2010). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." <u>See</u> <u>Jones</u>, 549 U.S. at 218 (brackets added). In addition to requiring that an inmate describe the problems and request the actions he would like, California regulations also require that an inmate "identify all persons, issues, and information in his originally submitted CDCR 602 form in order to properly exhaust administrative remedies." Cal. Code Regs. tit. 15, § 3084.1(b) (2011).

Petitioner's appeal number CHCF HC 17008305 did not identify any of the defendants as individuals who failed to properly treat his jaw and dental maladies. <u>See</u> ECF No. 49-4 at 191-94 (602 grievance forms); <u>see also</u> ECF No. 49-4 at 189-90 (director's level report), 195-96 (second level report). Plaintiff admitted at his deposition that (1) when he did file a grievance specifically naming defendants Abu and Nguyen, it was cancelled because it was not on the proper form, and (2) defendants Scamurra and Winthrop were not identified in the exhausted 602 because "it wasn't about the names of other people. . . . It was just about getting [his] jaw fixed. That's what the 602 was about." ECF No. 49-4 at 220. Plaintiff further testified that he did not submit separate appeals regarding the alleged inaction of defendants Nguyen and Scamurra because "the only issue [he] had when [he] filed the thing was to get his jaw fixed." <u>Id.</u> Finally, plaintiff also admitted that he did not know that defendants had knowledge of what was happening in his case until he received the records. <u>See</u> <u>id.</u>

Because plaintiff did not identify defendants in the only exhausted grievance that he filed, neither the prison nor the defendants ever received adequate notice of the problems plaintiff was experiencing related to defendants specifically. Accordingly, even if plaintiff had received a final determination at the third level of review prior to filing his FAC in this court, the exhaustion requirement would not have been satisfied. Defendants are entitled to summary judgment on the issue of exhaustion.

////

### VI. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

The magistrate judge is recommending that defendants' motion for summary judgment be granted, for two reasons: (1) you did not wait until your appeal number CHCF HC 17008305 was resolved at the third level before you filed this lawsuit, and (2) that appeal did not identify the defendants you have named in this case or describe how they were violating your rights.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 49) be GRANTED, and

2. This action be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE